IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT JAMES CAPLETTE,<br><br>Defendant. | Cause No. CR 08-65-GF-BMM<br><br>ORDER DENYING RULE 60(b) MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

Defendant Caplette, a federal prisoner proceeding pro se, filed a motion under Federal Rule of Civil Procedure 60(b). He asks the Court to set aside the judgment denying his first motion under 28 U.S.C. § 2255. *See* Rule 60(b) Mot. (Doc. 153) at 8–9.

Caplette was charged with aggravated sexual abuse in connection with the rape of an acquaintance, M., on the Rocky Boy's Indian Reservation. The rape occurred while M. was home on leave from the Army. Caplette testified that he and M. had consensual sex. The jury believed M. and did not believe Caplette. Caplette is now serving a 210-month prison sentence, which will be followed by a life term of supervised release. Judgment was entered on February 24, 2009. *See* Indictment (Doc. 1); Verdict (Doc. 65); Judgment (Doc. 77).

Following an unsuccessful appeal, *see* Mem. Disp. at 3, *United States v.*

1

*Caplette*, No. 09-30081 (9th Cir. Feb. 17, 2010) (Doc. 98), Caplette retained attorney Penelope S. Strong to file a motion collaterally attacking his conviction under 28 U.S.C. § 2255. Judge Haddon, who presided at trial and sentencing, denied the § 2255 motion and a certificate of appealability (Doc. 121). The Court of Appeals denied a certificate of appealability on November 8, 2012. *See* Order at 1, *United States v. Caplette*, No. 12-35756 (9th Cir. Nov. 8, 2012) (Doc. 124).

On April 3, 2013, Caplette, proceeding pro se, wrote a letter to Judge Haddon, who construed the letter as a motion under Fed. R. Civ. P. 60(b), denied it, and denied a certificate of appealability (Doc. 126). Caplette did not appeal.

Not quite a year later, Caplette filed a second motion under Fed. R. Civ. P. 60(b). This Court denied the motion and a certificate of appealability (Doc. 133). Caplette appealed. On December 3, 2014, the Court of Appeals summarily affirmed this Court's decision (Doc. 142).

On September 8, 2015, Caplette moved the Court for a new trial. He claimed that new evidence he discovered on June 22, 2015, showed both that M.'s testimony at trial differed from a statement she gave before trial to an Army investigator and that the prosecution suppressed her statement. *See* Mot. for New Trial (Doc. 144) at 1, 4–5 ¶ 7. After full briefing, the Court denied the motion for new trial, denied the motion construed as a Rule 60 motion, and dismissed the motion construed as a second or successive motion under 28 U.S.C. § 2255. *See*

2

Order (Doc. 152) at 5–11. Caplette did not appeal.

Caplette now files his fourth Rule 60 motion. The motion asks the Court to consider again whether his first proceeding under § 2255 was fair and to consider again whether he is entitled to relief under § 2255. The Court has three times considered reopening Caplette's first § 2255 motion to provide him relief from his attorney's negligence in that proceeding. The law does not support relief. *See* Order (Doc. 152) at 7–10; Order (Doc. 133) at 2–12; Order (Doc. 126) at 2–4.

To the extent Caplette claims that he is entitled to relief under § 2255, his Rule 60 motion is an improper and unauthorized second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 & n.5 (2005). Caplette asserts that he is actually innocent, *see* Rule 60(b) Mot. (Doc. 153) at 8, but he provides no evidence supporting his assertion. More fundamentally, even if he presented conclusive proof that he did not commit aggravated sexual abuse, this Court would have no jurisdiction to consider it. Caplette has not obtained leave from the Ninth Circuit Court of Appeals to file a second § 2255 motion in this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability, *see* 28 U.S.C. § 2253(a); *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015), is not warranted. No reasonable jurist could find that Caplette's fourth Rule 60(b) motion supports relief on

grounds already rejected three times. To the extent the motion seeks relief under § 2255, it is plainly controlled by *Gonzalez v. Crosby*, 545 U.S. 525 (2005), and *Burton v. Stewart*, 549 U.S. 147 (2007).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Caplette's Rule 60(b) motion (Doc. 153) is DENIED.

2. To the extent Caplette claims he is entitled to relief under § 2255, the Rule 60(b) motion is DISMISSED for lack of jurisdiction as an unauthorized second or successive § 2255 motion.

3. A certificate of appealability is DENIED on all issues.

4. The Clerk of Court shall immediately process the appeal if Caplette files a Notice of Appeal.

DATED this 3rd day of December, 2019.

Brian Morris
United States District Court Judge